UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

        Plaintiff,

v.                                                         Case No. 19-cv-893-pp

MICHAEL DONOVAN, A. DEGROOT,
WILLIAM POLLARD, UNIT MANAGER FRANCOIS,
CCE HOMPE and OOS O'DONNELL,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

      Plaintiff Delorean L. Bryson, an inmate at Green Bay Correctional Institution who is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when they prohibited the plaintiff from participating in Ramadan in 2019. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the

1

plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 19, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $3.58 by September 9, 2019. Dkt. No. 7. On September 6, 2019, the plaintiff filed a motion for an extension of time to pay that fee. Dkt. No. 8. The court granted the motion on September 9, 2019, giving the plaintiff a deadline of September 30, 2019 by which to pay. Dkt. No. 9. On September 11, 2019, the court received the initial partial filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Allegations in the Complaint

The plaintiff alleges that on March 22, 2019, defendant Michael Donovan denied his right to participate in Ramadan. Dkt. No. 1 at 2. The plaintiff says he wrote another request to Francois, the religious coordinator, who denied it on April 1, 2019. Id. The plaintiff appealed the decision through the grievance process of the Inmate Complaint Examiners' (ICE) department, specifically to defendants DeGroot, CCE Hompe, OOS O'Donnell and Warden Pollard. Id. They responded that he had missed the March 8, 2019 signup deadline. Id.

The plaintiff says that from December 6, 2018 to December 10, 2018, he was in Green Bay Correctional Institution's restricted housing unit. Id. He was in the RHU again from February 24, 2019 through March 14, 2019. Id. The plaintiff says that "at no time was [he] ever notified or was made aware that there was a sign up sheet." Id. at 2-3. The plaintiff says that in a memo to him dated March 26, 2019, Donovan said that memos were posted on supply carts "(only on Tuesday)", but the plaintiff reiterates that at no time was he notified or made aware that a memo existed. Id. at 2. The plaintiff asserts that according to Chapter 9 of the prison handbook, "notices of change in policy and procedure will be provided by the institution to inmates via Channel 8, posted notices in housing units etc." Id. The plaintiff says that this wasn't done, and asks how he could have known that a deadline exited. Id.

The plaintiff explains that Ramadan began on the night of May 8, 2019, which meant that the chaplain, the religious coordinator and the Inmate

3

Complaint Review System had "ample amount of time" to add his need to receive a bagged meal for breakfast at sunrise and dinner at sunset. Id. He states that he suggested "to the ICRS" that he could be placed on the twenty-nine day "feed cell," but that request was denied, even though the kitchen prepared the Ramadan breakfast and dinner bags each day. Id. The plaintiff says that he was "later informed" that the kitchen prepared the Ramadan breakfast/dinner bags "each and every day for 29 days." Id. He asserts that the defendants violated his rights under the Fourteenth, First and Eighth Amendments of the Constitution. Id.

The plaintiff requests a declaration that the defendants' actions violated his constitutional rights and a permanent injunction barring defendants Donovan and Francois from using a sign-up sheet with a deadline. Id. at 4. He also requests $2,000 from each defendant for actual damages, and $10,000 from each defendant in punitive damages. Id.

C. Analysis

The plaintiff's claim that denial of the Ramadan meal bags violated the First Amendment is a "free exercise" claim; the First Amendment forbids the government to prohibit the free exercise of religion. To state a claim that the defendants violated the plaintiff's First Amendment right to freely exercise his religion, the plaintiff must allege that the defendants "unjustifiably placed a substantial burden on his religious practices." Thompson v. Holm, 809 F.3d 376, 380 (7th Cir. 2016). The Seventh Circuit repeatedly has held "that forcing

an inmate to choose between daily nutrition and religious practice is a substantial burden." Id. The plaintiff's allegations that Donovan and Francois denied his request to "participate in Ramadhan" state a First Amendment free exercise claim against those two defendants.

As for defendants DeGroot, Hompe, O'Donnell and Pollard, the plaintiff alleges that they denied his grievances about being denied the right to participate in Ramadan. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under §1983. See Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) (citing George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007)). The plaintiff alleges only that these defendants denied the grievances (on the basis that he missed the sign-up date for Ramadan bagged meals); he has not alleged that these defendants did anything to prevent him from participating in Ramadan. The court will not allow the plaintiff to proceed on claims against defendants DeGroot, Hompe, O'Donnell, and Pollard, and will dismiss them as defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants A. DeGroot, CCE Hompe, OOS O'Donnell and Warden Pollard.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the

complaint and this order to the Wisconsin Department of Justice for service on defendants Michael Donovan and Unit Manager Francois. The court **ORDERS** those defendants to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$346.42** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original

document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 31st day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**